# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

SOMSACK SINTHASOMPHONE,
        Plaintiff,

v.                                                                    Case No. 20-C-722

EQUIFAX INFORMATION SERVICES LLC
and EQUIFAX INC,
        Defendants.

## ORDER

      Plaintiff filed this case alleging violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA") on May 12, 2020. Defendants answered on July 13, 2020 and I entered the initial scheduling order on September 3, 2020. ECF Nos. 9 & 10. The current deadlines for fact discovery and dispositive motions are August 24, 2021 and November 14, 2021, respectively. ECF Nos. 20 & 21. On June 7, 2021, Defendants moved to amend their answer to include additional affirmative defenses. ECF No. 18; ECF No. 19-1 at 11 (proposed amended answer with newly asserted statute of limitations and laches defenses).

      Rule 15(a)(2) provides that courts "should freely give leave" to amend pleadings "when justice so requires." *See also Adams v. City of Indianapolis*, 742 F.3d 720, 734 (7th Cir. 2014) (characterizing Rule 15(a)(2) as "generous"). Defendants are generally allowed to amend "when the plaintiff had adequate notice that a statute of limitations defense was available, and had an adequate opportunity to respond to it despite the defendant's tardy assertion." *Jackson v. Rockford Hous. Auth.*, 213 F.3d 389, 393 (7th Cir. 2000). The Seventh Circuit has explained that

> [a]n affirmative defense that is not raised in a defendant's first answer is not necessarily untimely and forfeited. Only when the defense is asserted later than it should have been do prejudice and the district judge's discretion become relevant. If a defendant could not have reasonably known of the availability of an affirmative defense at the time of the answer, raising that defense through later amendment should be considered timely, and the district

> court should grant leave to amend under Rule 15(a)(2). This will often be the case where the basis for the defense is disclosed through discovery. *See Venters*, 123 F.3d at 967–68. If the defense is raised promptly after the basis for it becomes available, there will ordinarily be no unfair prejudice to the plaintiff, and amendment under Rule 15(a)(2) will be appropriate.

*Burton v. Ghosh*, 961 F.3d 960, 965–66 (7th Cir. 2020) (citing *Venters v. City of Delphi*, 123 F.3d 956, 967–68 (7th Cir. 1997)). If the applicable defense is "untimely *and* the delay prejudices (*i.e.,* significantly harms) the plaintiff, it is forfeited and normally may not be considered by the court." *Id*. at 966 (emphasis added). However, "prejudice" does not refer to "whether the defense will succeed on the merits and cause the plaintiff to lose," but rather *unfair* prejudice such that "the late assertion of the defense causes some unfairness independent of the potential merits of the defense." *Id*. (citing *Reed v. Columbia St. Mary's Hosp.*, 915 F.3d 473, 482 (7th Cir. 2019) (unfair prejudice present where untimely, complex defense was first raised at summary judgment, depriving plaintiff of notice and opportunity to prepare challenge to the defense through discovery), and *Venters*, 123 F.3d at 969 (omission of statute of limitations defense from answers to original and amended complaints, combined with first and only reference "at the eleventh hour" in summary judgment reply brief, deprived plaintiff chance to respond and amounted to waiver of the defense)).

Defendants argue that amendment is appropriate because they, relying on Plaintiff's complaint and their own internal documents, lacked information necessary to support a good-faith statute of limitations and/or laches defense until Plaintiff's deposition, where he testified as to the timeline and his recollection of his interactions with Defendants. *See* ECF No. 19-2. They assert that they were diligent in filing their subsequent motion to amend less than two-and-a-half weeks later, which, at the time, was still three weeks before the close of fact discovery and more than three months before the deadline for dispositive motions. And, importantly, Plaintiff has failed to demonstrate any unfair prejudice resulting from this amendment. Plaintiff argues that Defendants do not adequately explain why the defense was not in the original answer and should have moved to amend sooner based on the

availability of the relevant information in their discovery responses. He also asserts that any amendment here would be prejudicial because he has spent considerable time and resources "pursuing the same litigation strategy based on the claims and defenses which were pled[;]" now having to address new defenses puts Plaintiff "at an extreme disadvantage." ECF No. 22 at 6. Even considering recently approved extensions to the schedule, "[t]here is very little remaining time to address these claims through written discovery, deposition testimony or expert opinion." *Id*.

I agree with Defendants. They appear at least reasonably diligent, filing their motion two-and-a-half weeks after Plaintiff's deposition, the point in this case where they were unquestionably on notice of the potential applicability of those defenses. *See* Plaintiff's complaint, ECF No. 1, ¶ 11 ("On or about June 2018, Plaintiff disputed the mixing of his credit file over the phone with Defendants' representative.");[1] Rule 26(f) report, ECF No. 8 at 1 (same); ECF No. 23-2 ("Discovery is ongoing and this interrogatory [regarding Plaintiff's communications with Defendants] will be supplemented as additional information is obtained."). Plaintiff points to a consumer statement submitted to Defendants by Plaintiff in April 2018 in which he complained of a mix-up with his brother's credit as notice of a statute of limitations defense, *see* ECF No. 22-1, but this document was not produced until after the deadline to amend pleadings and, regardless, Defendants' explanation for not confirming the document's author until questioning Plaintiff at his deposition is reasonable. *See* ECF No. 23 at 3. Even if I accept Plaintiff's position that Defendants should have moved to amend sooner, such delay is excusable; ultimately the parties' differences as to when the defense should have been first pled amount to a matter of a few months, not years. *See* ECF No. 10, ¶ 2.[2]

---

[1] The statute of limitations under the FCRA is either 2 years after the date of discovery by the plaintiff or 5 years after the date on which the violation that is the basis for such liability occurs, whichever is earlier. *See* 15 U.S.C. § 1681p.

[2] While I accept Plaintiff's opposing brief despite it being filed more than two weeks late, *see* Civil L. R. 7(b), I note that his own tardiness undermines his position as to Defendants' alleged lack of diligence.

More significantly, Plaintiff has failed to show that any resulting prejudice is substantively or procedurally unfair. Of course, amendment of any pleading may create some level of additional work for counsel involved, such as increased factual investigation or more legal research, however in this context "the expense of conducting a suit does not count as prejudice," *Glob. Tech. & Trading, Inc. v. Tech Mahindra Ltd.*, 789 F.3d 730, 732 (7th Cir. 2015), nor can a plaintiff "establish prejudice merely by showing that the case has progressed significantly since the defendants answered his complaint." *Williams v. Lampe*, 399 F.3d 867, 871 (7th Cir. 2005). Instead, such "'prejudice' is a reduction in the plaintiff's ability to meet the defense on the merits," for example if "a witness has died, or documents have been destroyed, during the time between when the defense should have been raised and when it was actually raised." *Glob. Tech. & Trading, Inc.*, 789 F.3d at 732. *See also Burton*, 961 F.3d at 970 ("If the res judicata defense had been timely raised in the original answer, Burton would still have been able to seek relief from the earlier final judgment under Rule 60."); Wright & Miller, 6 Fed. Prac. & Proc. Civ. § 1488 (3d ed.) (unfair prejudice may include "loss of valuable evidence" or unavailability of an important witness). Plaintiff has shown no such prejudice to his ability to meet the relevant defenses on their merits.

Plaintiff's assertion that the timing of the motion warrants denial is similarly unavailing. While "delay by itself is normally an insufficient reason to deny a motion for leave to amend," *Dubicz v. Commonwealth Edison Co.*, 377 F.3d 787, 793 (7th Cir. 2004), denial may be appropriate where the certain milestones have been passed, such as the close of discovery and/or the filing of dispositive motions, or if the motion is made on the eve of trial. *See, e.g., Johnson v. Cypress Hill*, 641 F.3d 867, 872 (7th Cir. 2011) (district court denial of leave to amend appropriate where "[d]iscovery had long been closed, and [defendant] had filed a motion for summary judgment"); *Soltys v. Costello*, 520 F.3d 737, 743 (7th Cir. 2008) (denial of leave to amend proper where request was made after the close of discovery, final pretrial order, final pretrial conference, and earlier postponement of trial); *Venters*, 123 F.3d at 968 ("By omitting mention of the statute of limitations until they filed their reply memorandum [in

support of their motion for summary judgment], the defendants deprived Venters of any reasonable opportunity to address that defense."); *Carroll v. Stryker Corp.*, 670 F.Supp.2d 891, 900 (W.D. Wis. 2009), *aff'd*, 658 F.3d 675 (7th Cir. 2011) (amendment would be unfair where trial was in two months and parties had "conducted all of their discovery and slogged through an expensive and time-consuming summary judgment motion process"); *J.P. Morgan Chase Bank, N.A. v. Drywall Serv. & Supply Co.*, 265 F.R.D. 341, 352 (N.D. Ind. 2010) (unfair prejudice where amendment "would deprive [non-movant] of some of the benefits of briefing and surviving summary judgment" and "subject [non-movant] to *reopened* discovery") (emphasis added).

As of this order, fact discovery does not close for another three weeks, dispositive motions will not be filed for another three months, and no trial date has been set. If Plaintiff believes he needs more time for discovery and/or to investigate the statute of limitations issue in the context of this case, I will grant any necessary extensions to the schedule's current deadlines. *See*, *e.g.*, *Jackson*, 213 F.3d at 393 (no abuse of discretion where case was still in its "formative stages," as no trial had been set and district court gave plaintiff "opportunity to conduct additional discovery in order to produce facts in support of his opposition to the motion"); *Tricarico v. Marion Gen. Hosp. Inc.*, No. 120CV00092WCLSLC, 2020 WL 6375686, at *3 (N.D. Ind. Oct. 30, 2020) (any procedural prejudice caused by late amendment "can be cured by extending the discovery period to allow for the necessary additional written discovery and depositions").

Accordingly, Defendants' motion to amend (ECF No. 18) is **GRANTED**. **The Clerk of Court shall docket the proposed amended answer at ECF No. 19-1 as the operative answer in this case.**

**SO ORDERED** at Milwaukee, Wisconsin, this 5th day of August, 2021.

s/Lynn Adelman<br>
LYNN ADELMAN<br>
District Judge